FILED
April 07, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002542107

Alan S. Wolf, Bar No. 94665
Daniel K. Fujimoto, Bar No. 158575
THE WOLF FIRM, A Law Corporation
2955 Main Street, Second Floor
Irvine, CA 92614
Tel (949) 720-9200
Fax (949) 608-0128

Attorneys for Movant
U.S. Bank National Association, as trustee, on behalf of the holders of the First Franklin Mortgage Loan Trust 2006-FF14 Mortgage Pass-Through Certificates, Series 2006-FF14

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re: ) | CASE: 10-11989-B-7 |
| ) | |
| TIMOTHY DANIEL CASEY and SHAWNA ) | CHAPTER 7 |
| MICHELLE CASEY aka SHAWNA MICHELLE ) | |
| DAMON ) | REF.: ASW-1 |
| ) | |
| Debtors. ) | MOTION FOR RELIEF FROM |
| ) | THE AUTOMATIC STAY |
| ) | AND DECLARATION OF |
| ) | JO-ANN L. GOLDMAN IN |
| ) | SUPPORT THEREON |
| ) | |
| ) | DATE: 05/06/10 |
| ) | TIME: 11:00 am |
| ) | CTRM: 1ST FL |
| ) | U.S. Bankruptcy Court |
| ) | 1300 18th Street |
| _____) | Bakersfield, CA |

    The Motion of U.S. Bank National Association, as trustee, on behalf of the holders of the First Franklin Mortgage Loan Trust 2006-FF14 Mortgage Pass-Through Certificates, Series 2006-FF14 respectfully shows as follows:

    1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 157 and 1334.

Matter I.D. 6401-5892

2. This Motion is brought pursuant to Local Rule 9014-1(f)(1)(ii) written opposition, if any, to the granting of the Motion shall be in writing and shall be served on the moving party and filed with the Clerk by the responding party at least fourteen (14) days preceding the noticed date of the hearing. Unless written opposition and supporting evidence are timely filed with the Court, without good cause, no party will be heard in opposition to the Motion at oral argument. Failure of the responding party to timely file written opposition may be deemed a waiver of any opposition to the granting of the Motion.

Opposition to the Motion shall be served on counsel for Movant as follows:

THE WOLF FIRM
2955 Main Street, Second Floor
Irvine, CA 92614
Tel (949) 720-9200
Fax (949) 608-0128

3. On February 26, 2010, a petition under Chapter 7 of the Bankruptcy Code was filed by the Debtors.

4. JEFFREY M. VETTER is the Chapter 7 Trustee for this case.

5. Movant is, and at all times herein mentioned was a corporation organized and existing under the laws of the United States.

6. Movant is the beneficiary under a Deed of Trust which secures a Promissory Note ("Note") in the principal sum of $255,000.00, with the Note all due and payable on

Matter I.D. 6401-5892

| | |
|---|---|
| 1 | August 1, 2036.  The Note and Deed encumber real property |
| 2 | commonly known as: |
| 3 | |
| 4 | 1125 Statkowski Court, Bakersfield, CA 93307 ("Property") |
| 5 | |
| 6 | and legally described as set forth in the Deed of Trust, which is  attached to the Declaration of JO-ANN L. GOLDMAN. |

7.     The beneficial interest under the Deed of Trust is currently held by Movant.  <u>See</u> Declaration of JO-ANN L. GOLDMAN.

8.     There was a default under the terms of the Note and Deed of Trust and on February 10, 2010, Movant caused to be recorded a Notice of Default and Election to Sell.

9.     The Property is Debtors' principal residence.

10.    As of March 23, 2010, the Debtors have failed to tender 9 of the contractual payments which have fallen due under the Note and Deed of Trust.

11.    The total amount due under Note and Deed of Trust as of March 23, 2010, exclusive of attorneys fees and costs, was approximately $267,995.28.  See Statement of Indebtedness attached hereto as <u>Exhibit "1"</u>.

12.    Movant requests the Court take Judicial Notice that the Debtors' Schedule "A" provides the fair market value of the Property to be approximately $105,340.00.  A true and correct copy of Schedule "A" is attached hereto as <u>Exhibit "2"</u> and incorporated by reference.

Matter I.D. 6401-5892

13.     Movant requests the Court take Judicial Notice that the Debtors' Statement of Intentions provides the Property is to be surrendered.  A true and correct copy of the Statement of Intentions is attached hereto as <u>Exhibit "3"</u> and incorporated by reference.

14.     Due to the liens, encumbrances and arrearages existing against the Property, and due to current market trends and costs of sale, the Debtors do not have any equity in the Property.

15.     The Debtors have no reasonable prospect for reorganization and the Property is not necessary for an effective reorganization.

16.     Movant does not have, and has not been offered, adequate protection for its interest in the Property and the passage of time will result in irreparable injury to Movant's interest in the Property including, but not limited to, loss of interest and opportunity.

17.     For all the reasons set forth herein, there is cause for relief from stay including, but not limited to, lack of adequate protection and the Debtors' failure to make the required Deed of Trust payments.

WHEREFORE, Movant prays for the judgment against Respondents as follows:

(1)    That the automatic stay be terminated or annulled so that Movant may exercise or cause to be exercised any and all rights under its Note and/or Deed of Trust and any and all rights after the foreclosure sale, including, but not

Matter I.D. 6401-5892

limited to, the right to consummate foreclosure proceedings on the property and the right to proceed in unlawful detainer;

    (2) For reasonable attorneys' fees;

    (3) For the waiver of the 14 day stay pursuant to Bankruptcy Rule 4001(a)(3).

    (4) For such other and further relief as the Court deems just and proper.

Dated: 4/07/10

/s/ Alan Steven Wolf
ALAN STEVEN WOLF
Attorneys for Movant
U.S. Bank National Association, as trustee, on behalf of the holders of the First Franklin Mortgage Loan Trust 2006-FF14 Mortgage Pass-Through Certificates, Series 2006-FF14

Matter I.D. 6401-5892

# EXHIBIT 1

```
                    MOVANT'S STATEMENT OF INDEBTEDNESS

Debtors:              CASEY
CASE NO.:             10-11989-B-7
PROPERTY ADDRESS:     1125 Statkowski Court
                      Bakersfield, CA  93307

A.   APPROX. PRINCIPAL DUE AS OF March 23, 2010:
1st trust deed Select Portfolio              =    $      247,163.27
                                      TOTAL  =    $      247,163.27

B.   APPROX. DELINQUENCY ON ABOVE INDEBTEDNESS AS OF 03/23/10:
Movant's first trust deed payments and late charges:

9      payment(s) at      $      1,946.70    =    $       17,520.30

                           Accrued Late Charges  $          169.62
                                 Escrow Advance  $        2,334.70
                              Funds in Suspense  $          178.39
                            Recoverable Balance  $          985.78
                                         TOTAL   $       20,832.01

C.   VALUE OF PROPERTY:                           $      105,340.00
D.   LESS TOTAL OF PRINCIPAL AND DELINQUENCY:     $      267,995.28

E.   GROSS EQUITY (D-C)*:                         $     -162,655.28
```

Matter I.D. 6401-5892

# EXHIBIT 2

B6A (Official Form 6A) (12/07)

IN RE Casey, Timothy Daniel & Casey, Shawna Michelle       Case No. _____
             Debtor(s)                                              (If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Residence Located at: 1125 Statkowski Ct, Bakersfield, CA 93307 (Market Value Minus Cost of Sale) | | C | 105,340.00 | 247,163.00 |
| | | TOTAL | 105,340.00 | |

(Report also on Summary of Schedules)

9

# EXHIBIT 3

B8 (Official Form 8) (12/08)

# United States Bankruptcy Court
# Eastern District of California

IN RE:     Case No. _____

Casey, Timothy Daniel & Casey, Shawna Michelle     Chapter **7**

Debtor(s)

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:** Select Portfolio Svcin | **Describe Property Securing Debt:** Residence Located at: 1125 Statkowski Ct, Bakersfield, CA 9 |
| Property will be *(check one)*: ☑ Surrendered ☐ Retained<br><br>If retaining the property, I intend to *(check at least one)*:<br>☐ Redeem the property<br>☐ Reaffirm the debt<br>☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).<br><br>Property is *(check one)*:<br>☐ Claimed as exempt    ☑ Not claimed as exempt | |

| Property No. 2 (if necessary) | |
|---|---|
| **Creditor's Name:** Toyota Motor Credit Co | **Describe Property Securing Debt:** 2003 Dodge Stratus 60,000 miles |
| Property will be *(check one)*: ☐ Surrendered ☑ Retained<br><br>If retaining the property, I intend to *(check at least one)*:<br>☐ Redeem the property<br>☑ Reaffirm the debt<br>☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).<br><br>Property is *(check one)*:<br>☐ Claimed as exempt    ☑ Not claimed as exempt | |

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): ☐ Yes ☐ No |

| Property No. 2 (if necessary) | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): ☐ Yes ☐ No |

___1___ continuation sheets attached *(if any)*

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: __February 26, 2010__     **/s/ Timothy Daniel Casey**
                                            Signature of Debtor

                                            **/s/ Shawna Michelle Casey**
                                            Signature of Joint Debtor

B8 (Official Form 8) (12/08)

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION
*(Continuation Sheet)*

## PART A – Continuation

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>Ventura County Cu | **Describe Property Securing Debt:**<br>2002 Chevrolet Trailblazer 115,000 miles |

Property will be *(check one)*:
☑ Surrendered  ☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt  ☑ Not claimed as exempt

| Property No. | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
☐ Surrendered  ☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt  ☐ Not claimed as exempt

| Property No. | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
☐ Surrendered  ☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt  ☐ Not claimed as exempt

## PART B – Continuation

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ Yes  ☐ No |

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ Yes  ☐ No |

Continuation sheet ___1___ of ___1___

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

27